1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8
9

DENNIS J. MOONEY,                                  1:10-cv-02240-LJO-DLB (HC)

                          Petitioner,              FINDING AND RECOMMENDATION
10                                                 RECOMMENDING DISMISSAL OF
       v.                                          PETITION FOR WRIT OF HABEAS CORPUS
11
                                                   [Doc. 1]
12   H.A. RIOS,

13                        Respondent.
     _____/
14

15          Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2241.

17          Petitioner is currently in custody at the United States Penitentiary in Atwater,  California,

18   pursuant to a judgment rendered by the United States District Court for the District of Maine,

19   Bangor Division, for robbery and use of a firearm.  Petitioner was sentenced to a total aggregate

20   term of 330 months in federal custody.

21          Petitioner's conviction was affirmed on appeal.

22          Petitioner indicates that he did however file a motion to vacate, set aside or correct the

23   sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.   The sentencing court denied the

24   motion on April 30, 2004.

25          On February 2, 2010, Petitioner filed the instant petition for writ of habeas corpus

26   contending that the district court misadvised the jury as to an element of firearm offense.

27   Petitioner further claims that he actually innocent and he has not had an unobstructed procedural

28   shot at presenting his claim.

JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.3d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);

1  Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th

2  Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.

3  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

4       Petitioner indicates that he previously filed a § 2255 motion which was denied on April

5  30, 2004.  In an attempt to demonstrate that § 2255 is inadequate or ineffective, Petitioner

6  contends that he was unable to file a proper 2255 motion due to his mental disability and lack of

7  professional assistance.  First, there is no absolute right to counsel in filing a section 2255

8  motion.  Rather, the court may appoint counsel if the interest of justice so requires.  18 U.S.C. §

9  3006A(a)(2)(B); 28 U.S.C. § 2255(g). Thus, to the extent Petitioner believes counsel should be

10  appointed, he must seek relief in the sentencing court.  Second, Petitioner has not stated whether

11  he has sought permission to file a successive § 2255 motion.  It is possible that the motion would

12  be granted in which case Petitioner would have another opportunity to present his claim in the

13  proper forum.  Thus, Petitioner has not shown that he did not have an "unobstructed procedural

14  shot" at presenting his challenges to the sentencing court.  Last, Petitioner's actual innocence

15  claim is based on an alleged erroneous jury instruction regarding the elements of the firearm

16  offense.  However, there is no allegation or showing that Petitioner is actually innocent of the

17  crime and he has failed to establish that the Court cannot have confidence in the finding of guilt.

18  See e.g. Schlup v. Delo, 513 U.S. 298 (1995).  Accordingly, the petition should be dismissed.

19                                RECOMMENDATION

20       Based on the foregoing, it is HEREBY RECOMMENDED that:

21       1.       The petition for writ of habeas corpus be DISMISSED; and

22       2.       The Clerk of Court be directed to enter judgment, terminating this action.

23       This Findings and Recommendation is submitted to the assigned United States District

24  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

25  Local Rules of Practice for the United States District Court, Eastern District of California.

26  Within thirty (30) days after being served with a copy, any party may file written objections with

27  the court and serve a copy on all parties.  Such a document should be captioned "Objections to

28  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served

and filed within fourteen (14) days after service of the objections.  The Court will then review the

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District

Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 18, 2011**                                    _____ **/s/ Dennis L. Beck** _____
UNITED STATES MAGISTRATE JUDGE